UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ISAIAH GILLIS,

Plaintiff,

v.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT,

Defendant.

Case No. 2:25-cv-02086-APG-EJY

**ORDER**

Pending before the Court is Plaintiff's Motion for Status Conference before the close of discovery on July 29, 2026, which is two days away. ECF No. 34. Plaintiff submits he seeks a Court conference to discuss "the status of discovery, the completeness of the existing evidentiary record, and any appropriate case-management measures necessary to ensure the efficient progression of this action." *Id*. at 2. Plaintiff says he is not seeking any specific discovery, but he does identify discovery requests and categories of discovery in his Motion. *Id*. at 2-4.

Overall, the Court has insufficient information to determine whether a status conference is appropriate. Further, Plaintiff does not demonstrate that he complied with LR 26-6(c) which requires Plaintiff to participate in good faith meet and confer efforts before filing any discovery motion.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Status Conference (ECF No. 34) is DENIED without prejudice.

IT IS FURTHER ORDERED that **the parties must meet and confer** at least one more time to discuss the specific discovery Plaintiff seeks in this case.

Plaintiff is advised that if LVMPD does not have additional documents, the Court has no ability to compel production of anything more than what he has already received.[1] Plaintiff is also advised that his diligence leading up to the Motion presently before the Court may impact whether

[1] A party cannot be compelled to produce something that it does not possess. *U.S. Equal Emp. Opportunity Comm'n v. KVP, LP*, Case No. 2:23-CV-01308-JCM-EJY, 2025 WL 1042726, at *3 (D. Nev. Mar. 5, 2025) (citing *Jacobsen v. California*, Case No. 1:14-cv-00108-JLT, 2015 U.S. Dist. LEXIS 165815, at *15 (E.D. Cal. Dec. 9, 2015) ("Defendants cannot be compelled to produce that which they do not have in their possession, custody, or control.")).

the Court will grant any relief. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("If the party was not diligent, the [Court's] inquiry should end.").

IT IS FURTHER ORDERED the meet and confer must take place by videoconference or in person **on or before August 7, 2026**.

IT IS FURTHER ORDERED that if agreement cannot be reached, Plaintiff may refile his motion but must comply with Local Rule 26-6 (c) by including "a declaration setting forth the details and results of the meet-and confer conference about each disputed discovery request." Plaintiff must also comply with LR 26-3 by including (1) a "statement specifying the discovery completed;" (2) a "specific description of the discovery that remains to be completed;" (3) the "reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan;" and (4) a "proposed schedule for completing all remaining discovery." In addition, because Plaintiff's current motion was filed less than 21 days of the close of discovery, his renewed motion must demonstrate excusable neglect. LR 26-3.

Dated this 27th day of July, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE