UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ISAIAH GILLIS,

Plaintiff,

v.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT,

Defendant.

Case No. 2:25-cv-02086-APG-EJY

**ORDER**

On July 30, 2026, the Court entered a Minute Order (ECF No. 37) regarding Las Vegas Metropolitan Police Department's Motion to Extend Discovery Plan and Scheduling Order Deadlines (ECF No. 36). The Court found the issues presented were narrow and, with the discovery period closed, the Court ordered Plaintiff to respond by August 10, 2026. The Court received Plaintiff's response today, August 4, 2026. ECF No. 38.

Plaintiff argues Defendant has not demonstrated diligence, which is required under clearly established Ninth Circuit precedent. Plaintiff cites *Johnson v. Mammoth Reactions, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) to support this proposition. The Court agrees diligence is mandatory when seeking to extend discovery. With this standard in mind the Court finds Defendant: (1) commenced Plaintiff's deposition on July 17, 2026; (2) seeks production of documents Plaintiff relied upon to refresh his recollection during the course of that deposition; and (3) seeks to complete Plaintiff's deposition once the documents are produced. ECF No. 36 at 2, 5.

Plaintiff responds that the need for this discovery was foreseeable; however, the Court finds Defendant could not reasonably foresee what Plaintiff would rely upon to refresh his memory during deposition until that deposition commenced. Plaintiff further argues the timing of Defendant's discovery efforts were of its own making. However, Plaintiff cites nothing that supports the conclusion that Defendant's decision to depose Plaintiff near the close of discovery was either impermissible or should have alerted Defendant to the narrow issue that arose—that is, whether Plaintiff produced all documents he relied upon and used to refresh his recollection during the

deposition. Indeed, as the Court previously reminded the parties, well settled law establishes documents reviewed in preparation for deposition, not selected by counsel representing the deponent, are discoverable. *See Stevens v. Corelogic, Inc.*, Case No. 14cv1158 BAS (JLB), 2016 WL 397936, at *10 (S.D. Cal. Feb. 2, 2016).

The Court notes Defendant filed the instant Motion on July 29, just 12 days after Plaintiff appeared for deposition. Thus, Defendant was diligent in seeking relief. And contrary to Plaintiff's argument, Defendant does not seek a broad extension of discovery, but a narrow extension for purposes of obtaining documents Plaintiff relied upon during his deposition and to complete that deposition.

Plaintiff points to and complains that he has been trying to address issues arising from Defendant's alleged deficient discovery responses. Plaintiff submits that if the Court grants an extension of discovery that extension should require Defendant to produce the documents Plaintiff seeks. Plaintiff's concerns are not before the Court through Defendant's Motion. Nevertheless, Plaintiff's Response to Defendant's Motion identifies four dates for which "communications" were previously requested. Plaintiff further submits Defendant should be ordered to produce Axon evidence and audit logs, video stored from an Axon Flex Camera and body worn cameras, and documents relating to multiple categories listed on four pages of the Response. In contravention of Local Rule 26-6, Plaintiff does not demonstrate that any of the materials sought were the subject of requests for production of documents under Rule 34 of the Federal Rules of Civil Procedure; nor does he identify what responses were provided to such requests if any were made. Yet, even assuming Plaintiff propounded requests for production, he does not describe what was produced (if anything), what specific efforts were made to address any one or more of the categories of documents identified, or why any of this information is proportional to the needs of the case under Fed. R. Civ. P. 26.

Finally, Plaintiff's request for a Status Conference (ECF No. 34) was denied without prejudice on July 27, 2026 (ECF No. 35). The parties had a meet and confer scheduled for August 3, 2026. The Court is hopeful that the discussion addressed Defendant's, as well as Plaintiff's,

discovery concerns and much of the disagreement was resolved. However, in the absence of that specific information, the Court finds the appropriate outcome is as follows:

IT IS HEREBY ORDERED that Defendant's Motion to Extend Discovery (ECF No. 36) is GRANTED.

IT IS FURTHER ORDERED that the discovery period is extended to **October 5, 2026**.

IT IS FURTHER ORDERED that Plaintiff is to produce documents to Defendant he relied upon and used to refresh his recollection during the first day of his deposition no later than **August 18, 2026**.

IT IS FURTHER ORDERED that Defendant may set a date, also convenient for Plaintiff, to complete Plaintiff's deposition. The deposition must be completed no later than **September 14, 2026**.

IT IS FURTHER ORDERED that to the extent the parties have agreed to Defendant producing additional materials, Defendant must provide the same to Plaintiff no later than **August 18, 2026**.

IT IS FURTHER ORDERED that to the extent agreement has not been reached and Plaintiff believes he is entitled to additional documents (remembering that the Court cannot compel production of documents that do not exist or are not otherwise in Defendant's possession, custody or control) or Defendant has not received documents Plaintiff relied upon to refresh his recollection during the July 17, 2026 deposition, the parties must file a **joint status report** no later than **August 25, 2026** in which each party identifies, **with specificity**, the remaining documents sought.

There is no need to cite case law regarding the scope of discovery or the duties under the rules of discovery as the Court is familiar with both. Instead, the parties are to focus on the discovery sought, but not produced. The submission should be succinct—no more than five pages each.

IT IS FURTHER ORDERED that the deadline to file dispositive motions is extended to **November 9, 2026**. No pretrial order is due until 30 days after dispositive motions are resolved.

IT IS FURTHER ORDERED that an in-person status hearing is set for **September 15, 2026 at 1:30 p.m.** in Courtroom 3D to resolve all remaining discovery issues.

Dated this 4th day of August, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE