**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ISAIAH GILLIS,<br><br>Plaintiff<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT,<br><br>Defendant | Case No.: 2:25-cv-02086-APG-EJY<br><br>**Order (1) Granting Defendant's Motion to Dismiss, (2) Denying Defendant's Motion For a More Definite Statement as Moot, (3) Denying Plaintiff's Motions to Strike, and (4) Denying Plaintiff's Motions for Injunctive Relief.**<br><br>[ECF Nos. 19, 20, 25, 27, 41, 42] |

Isaiah Gillis sues the Las Vegas Metropolitan Police Department (LVMPD) for claims arising out of alleged incidents while he was in pre-trial confinement at the Clark County Detention Center. His amended complaint does not identify the claims he brings by name, but he argues that the court has jurisdiction under 42 U.S.C. § 1983, and the Fourth, Eighth, and Fourteenth Amendments. ECF No. 18 at 3. I construe his amended complaint to bring claims under those three amendments.[1]

Gillis alleges the following: he was incarcerated in Clark County Detention Center from at least March 26, 2024, through April 7, 2024. *Id.* at 6. Two other inmates were transferred to the beds beside him, and they threatened "imminent harm and physical violence" during quiet hours. *Id.* Gillis asked an LVMPD officer for help three times, but the officer ignored the other inmates and told him to "[t]ry to ignore it." *Id.* That officer then demanded that Gillis stand up, handcuffed him, and pulled him to the hallway where 5-6 other officers "began unwarrantably

[1] Gillis is a *pro se* litigant and I construe his amended complaint liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

inflicting pain to [his] wrists and shoulders and back and neck." *Id.* He was then taken to an unknown location with no cameras and was forced to remove his clothing. *Id.* The officers then beat him "while [he was] completely naked." *Id.* The officers hit his head and pushed it against the ground, and twisted his arms and wrists "to the breaking point." *Id.*

After transferring Gillis to another location, the officers again forced him to remove his clothes. *Id.* They did not say why he needed to remove his clothes or why they were assaulting him. *Id.* They forced him to "endure condition[s] of extreme cold with no blanket and pillows." *Id.* After these incidents, the officers threatened pain, starvation, and "toying with his food in a show of force." *Id.* Gillis had contusions and bruising to his "back, neck, head, [and] wrists." *Id.* He also suffers "anxiety and post traumatic stress." *Id.* Gillis alleges the officers never stated why they were treating him this way. *Id.*

LVMPD moves to dismiss the amended complaint. ECF No. 19. Alternatively, it moves for a more definite statement. ECF No. 20. Gillis moves to strike LVMPD's motion to dismiss, asserting the motion is baseless. ECF Nos. 25; 27. Gillis also moves for a temporary restraining order and a preliminary injunction. ECF Nos. 41; 42.

I grant LVMPD's motion to dismiss. I dismiss with prejudice the claims under the Fourth and Eighth Amendments. I dismiss without prejudice the claim under the Fourteenth Amendment because Gillis does not identify who he is suing, and he fails to state a claim against LVMPD itself. I deny Gillis' motions to strike because LVMPD's motion is not baseless. I deny his motions for injunctive relief because Gillis has not shown that he is entitled to the requested relief at this time. I also deny as moot the LVMPD's motion for a more definite statement.

/ / / /

**I. MOTION TO DISMISS**

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

1. <u>I dismiss with prejudice any claims under the Fourth and Eighth Amendments.</u>

Gillis was in pre-trial confinement and was not convicted of any crimes, so he is not eligible for relief under the Eighth Amendment. *Hawkins v. Comparet-Cassani*, 251 F.3d 1230, 1238 (9th Cir. 2001). And the Fourth Amendment protects against unreasonable searches and seizures, but it is the Fourteenth Amendment that "prohibits punishing pre-trial detainees." *Bell v. Williams*, 108 F.4th 809, 822 (9th Cir. 2024). Gillis did not respond to these arguments by LVMPD and later filed a "notice of clarification regarding constitutional standard," asking me to construe all of his claims under the Fourteenth Amendment and not the Fourth or Eighth. ECF No. 33. Therefore, I dismiss with prejudice any claim under the Fourth or Eighth Amendments.

2. <u>I dismiss without prejudice the Fourteenth Amendment claim.</u>

To establish liability under 42 U.S.C. § 1983, a plaintiff must show both violation "of a right secured by the constitution or laws of the United States," and that the violation "was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d

1128, 1138 (9th Cir. 2012) (quotation omitted). The parties do not dispute that the LVMPD defendants acted under color of state law.

"[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "A person lawfully committed to pretrial detention has not been adjudged guilty of any crime," and the government "may detain him to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Id.* at 536-37. To show excessive force constituting punishment, Gillis must show that "the force purposely or knowingly used against him was objectively unreasonable." *Williams*, 108 F.4th at 819 (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015)).

Here, Gillis plausibly states facts that could support a Fourteenth Amendment claim against individual officers because he alleges that LVMPD officers "unwarrantably inflict[ed] pain to [his] wrists and shoulders and back and neck." ECF No. 18 at 6. He also alleges that he was "[p]hysically beaten by LVMPD officers while completely naked," that they "[h]it[] his head, and push[ed it] against the ground[ and] [t]wist[ed] his arms and wrists to [the] breaking point." *Id.* He alleges that they forced him to "endure severe condition[s] of extreme cold with no blanket and pillows" and that they threatened pain, starvation, and "toying with his food in a show of force." *Id.*

LVMPD argues that Gillis did not plead facts showing that the officers did not have a legal justification that protected their countervailing interest in the force they used. But the facts Gillis pleads support the inference that the officers had no legal justification to attack him. He does not plead facts showing that he was disobeying orders or that he had provoked the officers'

response. He describes the officers acting with no reason to attack him, force him to remove his clothes, subject him to cold conditions, or threaten to starve him or tamper with his food. He alleges the officers never explained why they were treating him this way. A reasonable inference from his allegations is that this force was objectively unreasonable. Therefore, he pleads facts to plausibly show that he was being punished with no legal justification in violation of the Fourteenth Amendment.

However, Gillis has not identified the defendants he is suing. Construing his complaint liberally, he may have intended to sue LVMPD as a municipality, or to additionally or alternatively sue individual officers in their official capacity. He does not list any "John Doe" defendants as parties, and he does not plead sufficient facts to support municipal liability under a *Monell* claim. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978) ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983."). Therefore, I deny without prejudice his claim under the Fourteenth Amendment. Gillis may file a second amended complaint to identify the defendant(s) he wishes to sue. He may also add other claims if he separately identifies them, pleads facts to support them, and identifies the defendants he is suing for each claim he asserts. If he intends to sue LVMPD under a *Monell* claim, he must properly allege the elements discussed above.

The second amended complaint must be a complete document in and of itself and will supersede the amended complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court. Gillis is advised to support each claim with factual allegations because all complaints

"must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). When claims are alleged against multiple defendants, the complaint should clearly indicate which claims apply to which defendant. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Gillis should specifically identify each defendant and support each claim with factual allegations about each defendant's actions. Where multiple claims are alleged, the complaint should identify which factual allegations give rise to each particular claim.

**II. MOTIONS FOR INJUNCTIVE RELIEF**

Gillis moves for a temporary restraining order and a preliminary injunction to (1) preserve potentially relevant evidence and (2) to protect him from retaliation or intimidation from LVMPD as a result of him filing his lawsuit. First, parties are already under a duty to preserve evidence in pending litigation. *See United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002) (stating that spoliation occurs when a party destroys documents if the party "had some notice that the documents were potentially relevant to the litigation before they were destroyed." (simplified)). So it is not necessary for me to order evidence preserved. Second, although Gillis states he is afraid of retaliation or intimidation from LVMPD, there have been no incidents that show his fear is founded. And because I have dismissed his first amended complaint, there is no pending pleading to support an injunction. I thus deny Gillis' motions for injunctive relief.

**III. CONCLUSION**

I THEREFORE ORDER that Las Vegas Metropolitan Police Department's Motion to Dismiss **(ECF No. 19) is GRANTED.** I deny with prejudice Gillis' claims under the Fourth

and Eighth Amendments. I deny without prejudice Gillis' claim under the Fourteenth Amendment.

I FURTHER ORDER that Gillis may file a second amended complaint by September 28, 2026 if he can cure the defects noted in this order. He may also add claims if he identifies the facts for each claim, and identifies the defendant for each claim.

I FURTHER ORDER that Las Vegas Metropolitan Police Department's Motion for a More Definite Statement **(ECF No. 20) is DENIED as moot.**

I FURTHER ORDER that Isaiah Gillis' Motions to Strike **(ECF Nos. 25, 27) are DENIED.**

I FURTHER ORDER that Isaiah Gillis' Motions for a temporary restraining order and a preliminary injunction **(ECF Nos. 41, 42) are DENIED.**

DATED this 28th day of August, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE