UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ISAIAH GILLIS,

Plaintiff,

v.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT,

Defendant.

Case No.: 2:25-cv-02086-APG-EJY

**ORDER**

Pending before the Court is Plaintiff's Motion for Appointment of Counsel. ECF No. 40. In his Motion Plaintiff submits counsel should be appointed because he lacks adequate legal knowledge, has ADHD, is indigent, and believes this case will proceed to trial. *Id*.

As a general proposition, a civil litigant has no right to counsel. *Lassiter v. Department of Social Services of Durham County*, 452 U.S. 18 (1981); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Under "exceptional circumstances" a court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

First, the Court notes Plaintiff's Complaint was recently dismissed (albeit with leave to amend). Therefore, at present, the Court finds Plaintiff's likelihood of success on the merits is not particularly good. Second, Plaintiff's lack of adequate legal knowledge, even assuming a case is complex, is not an exceptional circumstance "in light of the legal competence of most prisoners in similar situations." *Zamaro v. Moonga*, 656 Fed.Appx 297, 299 (9th Cir. 2016). "[T]he Constitution does not require the elimination of all economic, intellectual, and technological barriers to litigation." *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989). *See also Perez v. Nash*, Case No. 21-cv-00075-RFB-VCF; *see also Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990)

(finding that prisoner litigants' lack of a legal education does not constitute exceptional circumstances). Further, indigence and limited ability to litigate are circumstances common to most prisoners and do not establish extraordinary circumstances. *See Baker v. Macomber*, Case No. 2:15-cv-00248-TLN-AC, 2020 WL 1182495, at *1 (E.D. Cal. Mar. 12, 2020) (finding that "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel").

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Appointment of Counsel (ECF No. 40) is DENIED.

DATED this 31st day of August 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE